Lipscomb, J.
There are several grounds of error assigned by the plaintiff. It will not be important to examine any other than the one that brings in question the validity of the forthcoming bond as a statutory bond, on the breach of which an execution could be sued out.
A question somewhat similar in principle to the one now presented was before this court in the case of Jones et al. v. Reynolds, Adm’r, (2 Tex. R., 250.) That was a statutory bond, jointly entered into with the complainant on his obtaining an injunction. On the dissolution of the injunction the decree was entered up against the complainant and his securities. This court held that a substantial conformity with the requisitions of the statute was indispensable; a literal observance was not necessary. If the forthcoming bond in the case now under consideration can be sustained, it must be in conformity with the provisions of article 1330 of the Digest. It is as follows : “Re it further enacted, That whenever an execution is levied upon personal property or slaves, the defendant shall have the rigid to retain the possession of the same upon giving bond with good security, payable to the plaintiff, in double the amount of debt and costs, conditioned for the delivery of the property to the sheriff or other officer on the day of sale.” By this section of the law the privilege of retaining possession is given to the defendant and to no one else on the condition that the defendant gives bond with good security. The defendant must give the bond, with good security. Now, one not a defendant could not demand (he right to retain the possession, and one not the defendant could not give the security in accordance with the provisions of this section. The next succeeding section makes a provision for tlie consequences of a forfeiture of the bond. It provides: “If the defendant shall fail to deliver the property so bonded, it shall be the duty of the sheriff to return, the bond to the clerk of the court from which execution issued, as aforesaid, and indorsed thereon, forfeited, whereupon said clerk shall issue execution against the principal and sureties on the bond for the amount of the debt aud costs.” It will be seen that the defendant is the person referred to in the statute to claim the right of possession and to give the bond, aud it is provided that on forfeiture execution shall go against the principal and sureties. The bond in this case designates no principal. Both assume to he securities. They show no connection with the judgment on which the, execution liad issued, no more so than any other individuals who might have undertaken to keep the property levied on for the sheriff until the day of sale. The sheriff was under no obligation in law to leave the property in their possession, as lie would have been if the defendant in the suit had given a forthcoming bond. The bond maj be a security to the sheriff as a common-law obligation, but it certainly is no such a statutory bond as authorized an execution to -be issued on the sheriff’s return on it that it was forfeited.
-We believe, therefore, that the court below erred in dissolving the injunction and dismissing the plaintiff’s bill; that it ought to have been per- *69 petnatecl. The decree dissolving the injunction and dismissing the bill is reversed and the canse remanded.
Ííoti: 20. — Objections to a delivery bond which has been returned “ forfeited” must be taken in the District Court, and not by writ of error. (Fisland v. Neilson, 20 T., 139.)
Judgment reversed.